IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PROVEN NETWORKS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> NETAPP, INC., <br><br> Defendant. | Case No. 6:22-cv-00036 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT
AGAINST NETAPP, INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Proven Networks, LLC ("Plaintiff" or "Proven Networks") makes the following allegations against Defendant NetApp, Inc. ("Defendant"):

**PARTIES**

1.  Plaintiff Proven Networks, LLC is a company organized under the laws of the State of California. Proven Networks is the sole owner by assignment of all right, title, and interest in U.S. Patent No. 8,687,573 (the "'573 Patent").

2.  On information and belief, Defendant NetApp, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1395 Crossman Avenue, Sunnyvale, California 94089.

**JURISDICTION AND VENUE**

3.  This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

1

4.  This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and selling products that infringe the Asserted Patent.

5.  Venue is proper in this District under 28 U.S.C. § 1400(b). Defendant is registered to do business in Texas, and upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patent. Defendant has a regular and established place of business in the District, including corporate offices at 9606 N Mopac Expressway, Austin, Texas 78759.[1]

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,687,573

6.  Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

7.  Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 8,687,573, titled "Allocating Resources Within Communication System." The '573 Patent was duly and legally issued on April 1, 2014, naming Daniela Laselva and Jeroen Wigard as the

---

[1] *See, e.g.*, Ex. 1 (https://www.mapquest.com/us/texas/netapp-409777953); Ex. 2 (https://www.b2byellowpages.com/company-information/292954468-netapp.html). NetApp also posts job openings for this Austin location. *See, e.g.*, Ex. 3 (https://jobs.netapp.com/job/Austin-Technical-Partner-Manager-TX-78759/645440900/).

inventors. The '573 Patent is based on U.S. Patent Application No. 12/994,964 filed May 30, 2008, which is a continuation of U.S. Patent Application No. 11/750,430 (now U.S. Patent No. 7,903,092) filed May 18, 2007, which claims priority to U.S. Provisional Application No. 60/803,138 filed May 25, 2006. A true and correct copy of the '573 Patent is attached as Exhibit 4.

8. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), including the NetApp FAS90xx series, FAS80xx series, FAS 500f, FAS20xx series running Clustered Data ONTAP 8.2 and 8.3 operating systems as well as ONTAP 9.0, 9.1, 9.2, 9.3, 9.4, 9.5, 9.6, 9.7, 9.8, and 9.9, that directly infringes, literally and/or under the doctrine of equivalents, claims 1 and 20 of the '573 Patent.

9. Defendant also knowingly and intentionally induces infringement of claims 1 and 20 of the '573 Patent in violation of 35 U.S.C. § 271(b). At least through the filing and service of this Complaint, Defendant has knowledge of the '573 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '573 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '573 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '573 Patent, thereby specifically intending for and inducing its customers to infringe the '573 Patent through the customers' normal and customary use of the Accused Products.

10. The Accused Products satisfy all claim limitations of claims 1 and 20 of the '573 Patent. A claim chart comparing independent claims 1 and 20 of the '573 Patent to the

representative Accused Product, devices running the NetApp ONTAP operating system versions 8.2, 8.3, 9.0, 9.1, 9.2, 9.3, 9.4, 9.5, 9.6, 9.7, 9.8, and 9.9.1 and including photographs and drawings where applicable, is attached as Exhibit 5.

11. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '573 Patent pursuant to 35 U.S.C. § 271.

12. As a result of Defendant's infringement of the '573 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '573 Patent;

b. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant' infringement of the '573 Patent; and

c. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

d. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant; and

e. Any and all other relief as the Court may deem appropriate and just under the

circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

| | |
|---|---|
| Dated: January 10, 2022 | Respectfully submitted, |

*/s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
Email: mirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
Email: mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
Benjamin T. Wang (CA SBN 228712)
Email: bwang@raklaw.com
Paul A. Kroeger (CA SBN 229074)
Email: pkroeger@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

Steven Udick (TX Bar No. 24079884)
Email: sudick@raklaw.com
RUSS AUGUST & KABAT
5570 FM 423, Suite 250-2069
Frisco, TX 75034
Phone: (310) 826-7474

***Attorneys for Plaintiff Proven Networks, LLC***